UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                      101 West Lombard Street
**George L. Russell, III**                                       Baltimore, Maryland 21201
United States District Judge                                           410-962-4055


August 21, 2012

MEMORANDUM TO COUNSEL RE:        Joel I. Sher, Chapter 11 Trustee for TMST, Inc., et
                                 al. v. Countrywide Home Loans, Inc., et al.
                                 Civil Action No. GLR-11-3192


Dear Counsel:

Currently pending before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") Motion to Transfer Venue to the United States District Court for the Central District of California. (ECF No. 71). Countrywide's Motion has been fully briefed and is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, the Motion to Transfer Venue will be granted.

This action concerns the alleged breach of two Mortgage Loan Purchase and Servicing Agreements originated by Countrywide. Countrywide seeks transfer of this action to Judge Mariana R. Pfaelzer in the Central District of California, who currently presides over several actions involving residential mortgage loans originated by Countrywide.

A district court may transfer a civil action to any other district where the action may have been brought, or by party consent, "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a).[1] The burden is on the defendant, however, to "show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." CoStar Realty Info., Inc. v. Meissner, 604 F.Supp.2d 757, 770 (D.Md. 2009) (citation and internal quotation omitted). When determining whether transfer is appropriate pursuant to § 1404(a), the court must consider whether (1) the transferee court is one in which the action could have been brought initially, (2) the transfer is convenient to the parties and witnesses, and (3) the transfer is in the interest of justice. Dow v. Jones, 232 F.Supp.2d 491, 499 (D.Md. 2002) (citations omitted).

---

[1] Both parties also reference 28 U.S.C. § 1412, which states "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." There is a split, however, regarding which transfer statute applies to actions involving an underlying bankruptcy proceeding. See Dunlap v. Freidman's, Inc., 331 B.R. 674, 677 (S.D.W.Va. 2005). In light of the Court's July 3, 2012 Order discussed infra, § 1404 will govern this action.

According to Countrywide, transfer is proper because (1) this suit could have been filed in the Central District of California, (2) it would be more efficient to allow factually similar actions to proceed in the same district, (3) most of the potential witnesses work and/or reside in the proposed district, (4) the conduct at the center of this dispute arose in California, and (5) most of the relevant documents are located in California. (Def.'s Mot. to Transfer Venue at 13-20, ECF No. 71-1). Moreover, Defendant avers that, absent the bankruptcy proceeding, there is no connection between the facts in this case and the state of Maryland. (Id. at 20-21).

Conversely, Plaintiffs' primary argument is that the aforementioned transfer factors are construed differently in the bankruptcy context. (Pls.' Opp'n at 5-6, ECF No. 80). Namely, Plaintiffs aver that the "interest of justice" factor requires two actions: (1) consideration of the economic and efficient administration of the bankruptcy estate; and (2) greater deference to Plaintiffs' choice of forum due to the presumption in favor of remaining in the court where the underlying bankruptcy proceeding is pending. (Id. at 5-10). Plaintiffs also argue that this case is not sufficiently related to the actions pending in the Central District of California because it is a breach of contract action, which is distinguishable from the pending California actions asserted under federal and state securities laws. (Id. at 10-13).

It is undisputed that Plaintiffs could have originally filed this action in the Central District of California. Therefore, the Court must determine whether the transfer will promote convenience and justice. In terms of convenience, the events that gave rise to this action and the potential witnesses are located in California. Moreover, there is no indication that this forum has a connection to the pending matter beyond Mr. Sher's principal place of business in Baltimore City, Maryland and TMST's Maryland incorporation. Requiring these individuals to occasionally travel does not outweigh the convenience to the parties and witnesses of having the case continue in the Central District of California. The convenience factor, therefore, weighs in favor of transfer.

The interest of justice also weighs in favor of transfer. Plaintiffs' primary argument against this factor is that the case should remain in the district that holds the underlying bankruptcy matter. On July 3, 2012, however, the Honorable Benson Everett Legg of this Court granted Defendants' Joint Motion to Withdraw Reference in this matter. (See ECF No. 4). Plaintiffs' argument regarding the application of the transfer factors in the bankruptcy context is, therefore, moot. Moreover, similar cases against Countrywide are currently pending before Judge Pfaelzer who has become familiar with the nuances of litigation concerning this Defendant. Transferring this matter to the Central District of California would not only be convenient to the parties and witnesses, but also promote judicial economy and efficiency.

For the aforementioned reasons, Countrywide has met its burden of proof that transfer of this case is appropriate. Accordingly, the Court GRANTS Countrywide's Motion to Transfer Venue to the Central District of California.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.  The Clerk is also ordered to transfer this case to the Central District of California.

Very truly yours,

/s/

_____

George L. Russell, III